**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JACKIE M. MOORE,

        Plaintiff,

                    CASE NO.  3:06cv255-RV/MD

vs.

SEARS ROEBUCK & COMPANY,

        Defendant.
_____/

## ORDER OF REFERRAL TO MEDIATION

After a thorough review of this case, I conclude that this is a matter that, in the interest of justice and a "just, speedy, and inexpensive determination" [see Rule 1, Fed. R. Civ. P.], should be referred to mediation.

Accordingly, it is ORDERED as follows:

(1)  The parties are directed to select a mediator certified by the Supreme Court of Florida as a Circuit Court Mediator, or a person otherwise mutually agreeable to the parties. If the parties are unable to agree upon a mediator within fourteen (14) days from the date of this order, the plaintiff shall immediately advise me and I will appoint a mediator.

(2)  Unless otherwise agreed, the fee of the mediator shall be paid equally by the parties, and in the manner required by the mediator. In the absence of any other compensation arrangement, the mediator's fee shall be at the rate of $150.00 per hour.

(3)  The first mediation conference shall commence within 45 days from the date of this order. The mediator shall set the initial mediation conference with due regard to schedules and other commitments of the parties and counsel, and may

continue or adjourn the mediation conferences in his or her discretion, so long as within the time constraints set out herein.

 (4) The following persons MUST attend the mediation conference:

  a. All counsel of record.

  b. All parties, or a representative of the party having full authority to settle the entire case for the party.

  c. If a party is insured, a representative of the insurance carrier having full authority to settle without further consultation. (Unless waived by the mediator upon a satisfactory showing that the representative's absence will not impair settlement.)

 (5) Failure to attend the mediation conference shall result in sanctions imposed.

 (6) At least seven days before the initial mediation conference, the parties shall deliver to the mediator a brief (not to exceed ten pages) written summary of the factual and legal issues, identifying the claims and defenses. Copies of orders previously entered herein may also be provided.

 (7) The mediator shall have authority to control the procedures to be followed in mediation, may adjourn the mediation conference and set times for reconvening, and may suspend or terminate mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation. The mediator may meet and consult privately with any party or counsel. Of course, counsel may consult privately with counsel's client at any time during mediation.

 (8) All discussions, representations, and statements made at the mediation conference shall be off the record and privileged as settlement negotiations. Mediation proceedings shall not be recorded by a court reporter or by an electronic recording device, except as necessary to memorialize any settlement reached.

 (9) This referral to mediation does not automatically toll the time for

completion of any other matter in this case.

(10)  The parties are encouraged to settle as many issues during mediation as possible. Partial or complete settlements shall immediately be reduced to writing in the presence of the mediator and shall be signed by all parties or their counsel.

(11)  Mediation in this case must be completed within forty-five (45) days of the date set above for the commencement of the mediation conference. Within fifty (50) days of the commencement of the mediation conference, or within five (5) days of the termination of mediation, whichever is sooner, the plaintiff shall file a report stating that mediation is completed and whether settlement was reached.

DONE AND ORDERED this 26th day of July, 2007.


/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**